UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEJANEA EDWARDS,<br><br>            Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>            Defendants. | Case No.: 1:21-cv-01726-AWI-JLT<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>[THIRTY-DAY DEADLINE] |

DeeJanea Edwards seeks to proceed *pro se* and *in forma pauperis*[1] in this action against the Department of Human Services, Child Protective Services and numerous other individuals. (See Doc. 1.) Because Plaintiff does not present any federal claims in this action, the complaint is **DISMISSED** with leave to amend.

**I.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the

---

[1] The Court is deferring ruling on Plaintiff's request to proceed *in forma pauperis* until Plaintiff provides sufficient facts and claims to determine whether the case is frivolous.

1

wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**II.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).  Vague and conclusory allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. Id.  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. Lopez v. Smith,

203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Jurisdiction

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Exxon Mobil Corp v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." A-Z Int'l. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003).

A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

### IV. Factual Allegations

Plaintiff's allegations center around her child being taken by Child Protective Services and the pain that this has caused her. (See Doc. 1 at 8-11.) On October 28, 2019, Plaintiff was to pick her child up[2], and when she was making calls to do so, she was getting no answer. (Doc. 1 at 8.) Plaintiff then describes an interaction with a police officer; she gave the officer information about her child, but Plaintiff alleges that the officer was not taking her seriously and was not concerned about her. (Id.)

Plaintiff describes another interaction where she ran out of her house to get her daughter, but the police officer restrained her. (Doc. 1 at 8.) Plaintiff asserts that the officer called Child Protective Services, and the worker did not want to come into the house to see her daughter's living situation and

---

[2] It appears from the factual allegations that Plaintiff had left her child with someone named Leticia. (Doc. 1 at 8.)

3

that her daughter "had all the necessary things." (Id. at 9.) Plaintiff alleges that the police officer inquired if her daughter had a rash and then took her daughter and gave her to the Child Protective Services worker. (Id.)

Subsequently, Plaintiff alleges that Rebekah Scroggins[3] arrived at her house, and Plaintiff explained to Ms. Scroggins that this was all a misunderstanding. (Doc. 1 at 9.) Plaintiff alleges that during that conversation, Ms. Scroggins said that she was going to talk to her supervisor, and Plaintiff could go pick her daughter up. (Id.) Plaintiff also alleges that Ms. Scroggins asked to come into Plaintiff's house and checked the running water in the sink and then asked Plaintiff if she had any mental health issues. (Id.) Plaintiff responded that she did as a child, well before her daughter was born. (Id.) According to Plaintiff, Ms. Scroggins instructed Plaintiff to pick her daughter up the next day and also informed her about a scheduled court date. (Id.) Plaintiff asserts that her court date was repeatedly rescheduled, and she does not have legal representation. (Id. at 10.)

Plaintiff alleges that Child Protective Services would ignore her phone calls and messages, and she was not notified when the social worker assigned to her case was changed from Ruben Cabera to Blanca Aleveda. (Doc. 1 at 10.) Plaintiff alleges that she contacted Ms. Aleveda for two months before she got to speak with her. (Id.) According to Plaintiff, Ms. Aleveda informed Plaintiff that, after Plaintiff told her that she does not live in California, Ms. Aleveda recommended for parental rights to be terminated and that Plaintiff's child be adopted. (Id.)

Plaintiff alleges that she was labeled as a neglectful parent due to her having depression issues in the past as a child. (Doc. 1 at 6.) Plaintiff asserts that she is not a neglectful parent, and she is responsible for her child's future. (Id. at 10.) Plaintiff alleges that Ms. Scroggins has lied to the court, and Ms. Scroggins and Ms. Aleveda have caused nothing but stress and pain in her life. (Id. at 11.) Plaintiff asserts that this incident has caused "so much traumatizing emotional distress." (Id. at 9.) Plaintiff alleges that her child is traumatized by the social worker's acts and will need counseling. (Id. at 6-7.) Plaintiff alleges that her and her child's rights were violated in this process. (Id. at 11.)

///

---

[3] The allegations seem to suggest that Rebekah Scroggins works for Child Protective Services. (Doc. 1 at 9.)

4

## V. Discussion and Analysis

### A. Federal Court Jurisdiction

Though Plaintiff's complaint alleges that her daughter was taken into custody by Child Protective Services, Plaintiff's complaint fails to identify any federal Constitutional right or federal law under which Plaintiff is seeking relief. (See Doc. 1.) Instead, Plaintiff identifies various California Penal Code sections including the Child Abuse and Neglect Reporting Act, Cal. Pen. Code, § 11164 et seq., Cal Pen Code § 118.1, Cal. Pen. Code §§ 1523-1542. (Doc. 1 at 5.) To the extent that Plaintiff is seeking to address purported violations of civil rights under 42 U.S.C. § 1983, such claims must be premised on a violation of the Constitution or other federal rights. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir.2009). A properly pled complaint must provide, in part, a "short and plain statement" of Plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir .2009).

Due to Plaintiff's unclear factual pleadings and failure to identify any specific federal right or law that was violated, it is "very difficult to discern what precise claims plaintiff actually wishes to raise, and which factual allegations support those claims." Futrell v. Sacramento Cty. Dep't of Health & Hum. Servs., No. 2:10-CV-2424 JAM KJN, 2011 WL 666503, at *2 (E.D. Cal. Feb. 14, 2011) (dismissing a case with leave to amend allegedly arising from the taking of minor children by Child Protective Services). To remedy these problems, Plaintiff needs to "clearly identify the claims that she wishes to pursue and provide succinct and coherent factual allegations supporting each claim." Id.

### B. Rooker-Feldman Doctrine

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005).

Given plaintiff's allegations regarding court proceedings related to the custody of her child, it is possible this action is barred under the Rooker-Feldman abstention doctrine. Plaintiff will be

provided an opportunity to further amend the complaint to set forth specific facts related to the state court child custody action, in particular whether that action has been concluded and, if so, to what result. Plaintiff should also include any facts related to efforts she made in the context of the state court proceedings to raise the issues she raises in this action concerning alleged misconduct of state officials in removing her child.

  **C.  Claims against the Department of Human Services and Child Protective Services**

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. Id. ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

Though Plaintiff names the Department of Human Services and Child Protective Services as defendants, she has not alleged that any official policy or custom caused her injury. If Plaintiff chooses to file an amended complaint and is claiming that the violation of her constitutional rights is the result of an official policy, she must include facts in her amended complaint showing that she was deprived of a constitutional right; that the governmental entity has a policy; that this policy is deliberately indifferent to Plaintiff's constitutional rights; and that the policy is the reason or "moving force" behind the violation of Plaintiff's constitutional rights. Plaintiff should describe the policy and identify which defendants were responsible for implementing the policy.

///

### D.     State Law Claims

Plaintiff attempts to raise claims pursuant to the Child Abuse and Neglect Reporting Act, Cal. Pen. Code, § 11164 et seq., Cal Pen Code § 118.1, Cal. Pen. Code §§ 1523-1542. (Doc. 1 at 5.) Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In the absence of any cognizable federal claims, the Court declines to address any purported state law claims.

### VI.    Conclusion and Order

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). The Court will provide Plaintiff with **one** opportunity to file an amended complaint that sets forth facts sufficient to support her claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987); see also Lopez, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendants' actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v.

Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986) (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)). Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is **DISMISSED** with leave to amend; and

2. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint or a notice of voluntary dismissal of the action.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **December 14, 2021**            _/s/ Jennifer L. Thurston_
                                         CHIEF UNITED STATES MAGISTRATE JUDGE