UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEJEANA EDWARDS,<br><br>              Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>              Defendants. | Case No. 1:21-cv-01726-AWI-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 3, 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.   BACKGROUND**

Plaintiff DeeJeana Edwards ("Plaintiff") is proceeding pro se and in forma pauperis in this action. On December 14, 2021, Magistrate Judge Jennifer L. Thurston[1] entered an order dismissing the complaint and directing Plaintiff to file an amended complaint within thirty days. (ECF No. 3.) Plaintiff failed to file an amended complaint or other response to the Court's order.

On May 23, 2022, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed. (ECF No. 7.) The order directed Plaintiff to file a response in writing within twenty-one days. (*Id.*) Plaintiff was warned that failure to respond would result in a recommendation that the action be dismissed. (*Id.*) The twenty-one-day period for Plaintiff to respond to the order to show cause has expired, and Plaintiff has not filed any response or

---

[1] Judge Thurston was subsequently elevated to the position of United States District Judge. (*See* ECF No. 4.)

1

otherwise indicated an intention to prosecute this case. Accordingly, for the reasons described below, the Court will recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

## II. FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to the Court's order to show cause. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 at 642 (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's failure to participate in this case and in forma pauperis status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Additionally, the Court recommends dismissal without prejudice. Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 at 643.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 20, 2022**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3